*811 Justice Breyer,
dissenting.
In my view, the authority of the Army Corps of Engineers under the Clean Water Act extends to the limits of congressional power to regulate interstate commerce. See Solid Waste Agency of Northern Cook Cty. v. Army Corps of Engineers, 531 U. S. 159, 181-182 (2001) (SWANCC) (Stevens, J., dissenting). I therefore have no difficulty finding that the wetlands at issue in these cases are within the Corps’ jurisdiction, and I join Justice Stevens’ dissenting opinion.
My view of the statute rests in part upon the nature of the problem. The statute seeks to “restore and maintain the chemical, physical, and biological integrity of the Nation’s waters.” 33 U. S. C. § 1251(a). Those waters are so various and so intricately interconnected that Congress might well have decided the only way to achieve this goal is to write a statute that defines “waters” broadly and to leave the enforcing agency with the task of restricting the scope of that definition, either wholesale through regulation or retail through development permissions. That is why I believe that Congress, in using the term “waters of the United States,” §1362(7), intended fully to exercise its relevant Commerce Clause powers.
I mention this because the Court, contrary to my view, has written a “nexus” requirement into the statute. SWANCC, supra, at 167; ante, at 779 (Kennedy, J., concurring in judgment) (“[T]he Corps’ jurisdiction over wetlands depends upon the existence of a significant nexus between the wetlands in question and navigable waters in the traditional sense”). But it has left the administrative powers of the Army Corps of Engineers untouched. That agency may write regulations defining the term — something that it has not yet done. And the courts must give those regulations appropriate deference. Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (1984).
If one thing is clear, it is that Congress intended the Army Corps of Engineers to make the complex technical judg *812 ments that lie at the heart of the present cases (subject to deferential judicial review). In the absence of updated regulations, courts will have to make ad hoc determinations that run the risk of transforming scientific questions into matters of law. That is not the system Congress intended. Hence I believe that today’s opinions, taken together, call for the Army Corps of Engineers to write new regulations, and speedily so.